IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FCCI INSURANCE COMPANY                                                                PLAINTIFF

V.                              CASE NO. 5:22-CV-5063

JEFFREY D. MANN; ANDREA L. MANN;
and A&J PLUMBING, LLC                                                              DEFENDANTS

## OPINION AND ORDER

On November 28, 2022, the Court held a hearing on Plaintiff FCCI Insurance Company's Motion for Default Judgment (Doc. 22). FCCI is a Florida corporation, and Defendants Jeffrey D. Mann, Andrea L. Mann, and A&J Plumbing, LLC are citizens of Arkansas. The amount in controversy exceeds the federal statutory minimum of $75,000.00.

Mr. and Mrs. Mann each filed Answers to the Complaint, but A&J Plumbing, LLC never entered an appearance in the case. On September 20, 2022, the Court struck Mr. and Mrs. Mann's Answers to sanction them for failing to respond to an order to show cause and for failing to appear as ordered for a scheduling conference. FCCI then moved for default judgment on September 29, 2022. The Court set a hearing on the default, and Mr. and Mrs. Mann received notice of the hearing. At no point prior to the hearing did Mr. or Mrs. Mann attempt to communicate with the Court.

At the beginning of the default hearing on November 28, the Court noted that an unknown individual was present in the courtroom. He identified himself as Nema Fallon, an administrator for Defendant A&J Plumbing. Mr. Fallon stated he was not an attorney. He explained that Mr. Mann had asked him to attend the default judgment hearing to try to speak with FCCI's counsel. When the Court asked Mr. Fallon if he knew why neither

1

Mr. nor Mrs. Mann was present at the hearing, Mr. Fallon responded that Mr. Mann was out of town and that Mrs. Mann was sick with the flu.

Next, FCCI presented the testimony of Susie Pegoraro, the senior surety claims adjuster responsible for administering, adjusting, and paying claims made against the bonds at issue in this lawsuit.  Ms. Pegoraro's testimony was credible.  Counsel for FCCI also introduced into evidence a number of documents marked as Court's exhibits 1–6 (including sub-exhibits).

At the conclusion of the hearing, the Court ruled from the bench that all factual allegations set forth in the Complaint were considered true by virtue of Defendants' default.  FCCI was therefore entitled to judgment against all Defendants, jointly and severally, on Count One in the sum of $165,000; on Count Two in the sum of $58,167.83; on Count Three in the sum of $83,691.49; for statutory costs as defined by Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920 in the sum of $552.00; and for pre- and post-judgment interest as allowable by state and federal law.  The Court also found that both contractually and pursuant to Arkansas Code § 16-22-308, FCCI was entitled to a reasonable attorney's fee for successfully litigating this breach of contract case. FCCI's counsel was directed to file an itemized motion for attorney's fees within 14 days, or by **December 12, 2022**.

In view of the Court's findings, **IT IS ORDERED** that Plaintiff FCCI Insurance Company's Motion for Default Judgment (Doc. 22) is **GRANTED**.  The Court will delay entering final judgment until after it rules on FCCI's anticipated motion for attorney's fees.

**IT IS SO ORDERED** on this 29th day of November, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE