IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FCCI INSURANCE COMPANY                                                          PLAINTIFF

V.                              CASE NO. 5:22-CV-5063

JEFFREY D. MANN; ANDREA L. MANN;
and A&J PLUMBING, LLC                                                          DEFENDANTS

## OPINION AND ORDER

On November 28, 2022, the Court held a hearing on Plaintiff FCCI Insurance Company's request for default judgment. At the close of the hearing, the Court found Defendants in default and ordered that they pay FCCI damages related to the three counts of the Complaint. In addition, the Court determined that FCCI was entitled to an award of its reasonable attorney's fees incurred in this case. The Court therefore directed FCCI's attorney, David A. Grace, to file an itemized motion for fees, and he did so on December 1. *See* Doc. 26. Mr. Grace also filed an Affidavit and Itemized Bill (Doc. 27) and a Memorandum Brief in Support of the Motion (Doc. 28) that requested not only fees, but also prejudgment and postjudgment interest.

### I. DISCUSSION

#### A. Attorney's Fees

In considering whether an attorney's fee request is reasonable, the Court should evaluate the factors set forth by the Arkansas Supreme Court in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229–30 (1990), and cited to with approval by the Eighth Circuit in *All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 521 (8th Cir. 2009). These factors include the amount of time counsel invested in the lawsuit; the appropriateness of counsel's rates, given the experience and ability of the attorney; the

1

time and labor required to perform the legal services properly; the amount potentially at issue in the case; the results obtained; the novelty and difficulty of the issues involved; and the prevailing rate customarily charged in this area for similar legal services.

Mr. Grace claims fees for 28.30 hours of time at a rate of $225.00 per hour, for a grand total of $6,367.50 in fees. The Court finds Mr. Grace's hourly rate to be conservatively comparable to those rates customarily charged in this area for analogous legal services. The time Mr. Grace took to perform the legal tasks itemized in his bill is also appropriate, particularly in light of the fact that compensatory damages exceeded $300,000.00, and the payment and performance bonds at issue were relatively complex and the supporting documentation voluminous. Defendants failed to follow Court rules and appear at hearings, which, in the end, created more work for Mr. Grace. Finally, it is clear that Mr. Grace secured excellent results for his client.

For all these reasons, the Court orders Defendants to pay $6,367.50 to compensate FCCI for its reasonable attorney's fees.

### B. Prejudgment Interest

"[T]he award of prejudgment interest . . . in a diversity action is determined by referring to the law of the state in which the cause of action arose." *Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287, 1290 (8th Cir. 1980). Awarding prejudgment interest "ensure[s] that an injured party is fully compensated for its loss," *City of Milwaukee v. Cement Div. Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995), by requiring that "[o]ne who has had the use of money owing to another . . . pay interest from the time payment should have been made," *Miller v. Robertson*, 266 U.S. 243, 257–58 (1924).

Pursuant to Arkansas Code § 16-65-114(a)(1)(A), interest on a judgment entered by a court shall accrue on a contract "at the rate provided by the contract or ten percent (10%) per annum, whichever is greater."  The General Indemnity Agreement between FCCI and Defendants specifies that prejudgment interest on any payments made by FCCI related to the bonds at issue shall accrue at a rate of ten percent per annum.  *See* Court's Exhibit 1 to the November 28 Default Judgment Hearing, p. 2, ¶ IV.B. The Court therefore finds that prejudgment interest has accrued at a rate of ten percent per annum from the date damages were mathematically calculable in this case.  *See Wooten v. McClendon*, 272 Ark. 61, 62 (1981) ("Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment. This interest must be allowed for any injury where, at the time of loss, damages are immediately ascertainable with reasonable certainty.").

FCCI maintains that the accrual date for prejudgment interest is November 29, 2021, which corresponds to the dates of two "Claims Payout Reports." *See* Court's Exhibits 3 & 5 to the Default Judgment Hearing.  These reports itemize the dates and dollar amounts of all claims made against the bonds at issue, as well as the amounts that correspond to attorney's fees and expert and consultant fees that FCCI incurred in connection with its efforts to enforce the bonds.  After careful consideration, the Court agrees with FCCI that November 29, 2021, is the appropriate accrual date for prejudgment interest.  A written judgment will be filed this day, which means

3

prejudgment interest on FCCI's damages of $306,859.32 will have accrued at a rate of ten percent per annum from November 29, 2021, until today, December 7, 2022.[1]

### 3. Postjudgment Interest

The Court also finds that an award of postjudgment interest is appropriate here and will be calculated pursuant to 28 U.S.C. § 1961. Such interest shall accrue starting today, the date the written judgment is entered. Postjudgment interest shall accrue on the total judgment—that is, the total compensatory damages previously awarded by the Court, see Doc. 25, plus the attorney's fees and prejudgment interest awarded in this Order—until fully paid.

### B. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff FCCI's Motion for Attorney's Fees (Doc. 26) is **GRANTED**. The Court awards FCCI $6,367.50 for Mr. Grace's legal services, $31,358.11 in prejudgment interest, and postjudgment interest accruing from the date of the Court's written judgment until fully paid.

**IT IS SO ORDERED** on this 7th day of December, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] There are 373 days between November 29, 2021, and December 7, 2022. Interest at a rate of ten percent per annum accrues on $306,859.32 at the rate of $84.07 per diem. Thus, prejudgment interest in this case totals $31,358.11.